IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MANETIRONY CLERVRAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-1086-EFM-GEB |
| ) | |
| JOE BIDEN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Manetirony Clervrain's Motion for Mitigating Financial Burden or ("IFP") Constitutional Issues by Massive Issues ["Right Aggravated"] Treatment Act (ECF No. 2, *sealed*); Motion for Settlement Agreement(s) Against Secretive Criminals by Inkoking [*sic*] the National Regulatory Treaties Act ("NITRA") (ECF No. 3); Motion for "Humanitarian Reasons" or Assure Family Unity in the Public Interest by National Treatment Principal Act ("NTPA") (ECF No. 4); and Motion(s) for ["Collateral Attacks] or "Compelling" or Opposition(s) Mental Cruelty Act by the Nationality Protective Act ("NPA") (ECF No. 5). Plaintiff brings this action for violation of civil rights against President Joe Biden; Lynn Rogers, Kansas State Treasurer; Jennifer Goetz, special education teacher in Bettendorf, IA; William Weinberg, attorney in Irvine, CA; and 40 other Defendants who are only identified by name in the case caption.

**I.    Notice**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.

72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II.     Recommendation of Dismissal

Simultaneous with the filing of this Report and Recommendation, the Court granted Plaintiff's request to proceed without prepayment of fees.[1] However, the authority to proceed without prepayment of fees is not without limitation. 28 U.S.C. §1915 requires a court to screen the complaint of a party seeking to proceed without prepayment of fees. Sua sponte dismissal of the case is required if a court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[2] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[3]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[4] Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[5]

---

[1] Order, ECF No. 6.
[2] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[3] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).
[4] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[5] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).

Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[6] Plaintiff proceeds pro se, thus his pleadings must be construed liberally.[7] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[8] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[9] Fed. R. Civ. P. 8 "demands more than naked assertions."[10]

To say Plaintiff is a prolific litigant is an understatement. United States Magistrate Judge Erin Wilder-Doomes described Mr. Clervrain's "tour of this nation's district and appellate courts" in *Clervrain v. Edwards.*[11]

> As other courts have noted, Plaintiff has filed over 216 actions in federal district courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine. Plaintiff's tour has taken him to every federal circuit court, the United States Judicial Panel on Multidistrict Litigation, and even the Supreme Court of the United States.

And as Judge Wilder-Doomes notes, "the decisions dismissing Plaintiff's claims under 28 U.S.C. Sec. 1915 as legally frivolous and/or for failure to state a claim upon which relief may be granted are legion."[12]

---

[6] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).
[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[8] *Id*.
[9] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[10] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[11] No. 21-345-SDD, 2022 WL 6306048, at *1 (M.D. La Feb. 11, 2022).
[12] *Clervrain v. Edwards* at *1.

Plaintiff has filed five prior cases in this District.[13] All were dismissed. And Plaintiff has filed complaints, nearly identical to the Complaint he filed here, against a variety of different defendants from those named in the instant case, in at least 34 other federal district courts.[14] In all of the cases where the court has completed the screening process, the case has been dismissed.[15]

---

[13] *Clervrain v. USA, et al.*, No. 17-cv-3194-SAC; *Clervrain v. Sessions, et al.*, No. 18-cv-3039-SAC; *Clervrain v. Scott*, No. 18-cv-3041-SAC; *Clervrain v. Revell*, No. 18-cv-3166-SAC; and *Clervrain v. Brownback*, 19-cv-3040-SAC.

[14] *Clervrain v. Wahl, et al.*, 22-cv-24-RAH-SMD (M.D. Ala. - ECF No. 1); *Clervrain v. Brown, et al.*, 22-cv-4-JMK (D. Alaska - ECF No. 1); *Clervrain v. Walker, et al.*, No. 22-cv-511-PHX-DWL (D. Ariz. – ECF No. 1); *Clervrain v. Patterson, et al.*, No. 22-cv-31-GW-MAR (C.D. Cal. – ECF No. 1); *Clervrain v. Mara, et al.*, 22-cv-273-UNA (D. D.C. – ECF No. 1); *Clervrain v. Rushing, et al.*, 22-cv-44-SPC-MRM (M.D. Fla. – ECF No. 1); *Clervrain v. Nunez, et al.*, No. 22-cv-146-GAP-PRL (M.D. Fla. – ECF No. 1); *Clervrain v. Duncan, et al.*, No. 22-cv-138-MTT (M.D. Ga. – ECF No. 1); *Clervrain v. Shafer, et al.*, No. 22-cv-1-JRH-BKE (S.D. Ga. – ECF No. 1); *Clervrain v. Fite, et al.*, No. 22-cv-30 (S.D. Ga. – ECF No. 1); *Clervrain v. Jeffreys, et al.*, No. 22-cv-571-DWD (S.D. Ill. – ECF No. 2); *Clervrain v. Chambers, et al.*, No. 22-cv-17-PPS-JPK (N.D. Ind. – ECF No. 1); *Clervrain v. Grassley, et al.*, No. 22-cv-8-SMR-SHL (S.D. Iowa – ECF No. 1); *Clervrain v. Johnson, et al.*, No. 22-cv-244-SDD-RLB (M.D. La. – ECF No. 1); *Clervrain v. Peters, et al.*, No. 22-cv-10743-SDK-APP (E.D. Mich. – ECF No. 1); *Clervrain v. Blunt, et al.*, 22-cv-379-JAR (E.D. Mo. – ECF No. 1); *Clervrain v. Fortenberry, et al.*, No. 22-cv-5003-RGK-PRSE (D. Neb. ECF No. 1); *Clervrain v. Magnus, et al.*, No. 22-cv-168-RCJ-CLB (D. Nev. – ECF No. 3); *Clervrain v. Dimon, et al.*, No. 22-fp-127 (D. N.H. – ECF No. 1); *Clervrain v. Grisham, et al.*, No. 22-cv-260-WJ-SCY (D. N.M. – ECF NO. 1); *Clervrain v. Francis, et al.*, No. 22-cv-2028-EK-LB (E.D. N.Y. – ECF No. 1); *Clervrain v. Hoeven, et al.*, No. 22-cv-76-DLH-CRH (D. N.D. – ECF No. 1-1); *Clervrain v. Madden, et al.*, No. 22-cv-4-SL (N.D. Ohio – ECF No. 1); *Clervrain v. Lankford, et al.*, No. 22-cv-283-SLP (W.D. Okla. – ECF No. 1); *Clervrain v. Griffin, et al.*, 22-cv-111-MSM-LDA (D. R.I. – ECF No. 1); *Clervrain v. Wadsworth, et al.*, No. 22-cv-957-SAL (D. S.C. – ECF No. 1); *Clervrain v. Boyer, et al.*, No. 22-cv-5037-CBK (D. S.D. – ECF No. 1); *Clervrain v. Golden, et al.*, No. 22-cv-110-JRG-JEM (E.D. Tenn. – ECF No. 2); *Clervrain v. Salazar, et al.*, No. 22-cv-129 (S.D. Tex. – ECF No. 1); *Clervrain v. Clouser, et al.*, No. 22-cv-90-GWC (D. Vt. – ECF No. 16); *Clervrain v. Padilla, et al.*, No. 22-cv-5213-LK (W.D. Wash. – ECF No. 1-1); *Clervrain v. Harris, et al.*, No. 22-cv-197 (D. W. Va. – ECF No. 1); *Clervrain v. Godlewski, et al.*, No. 22-cv-417-WCG (E.D. Wis. – ECF No. 1); and *Clervrain v. Anderson, et al.*, No. 22-cv-76-SWS (D. Wyo. – ECF No. 1).

[15] *Clervrain v. Wahl, et al.*, 22-cv-24-RAH-SMD (M.D. Ala. - ECF No. 15); *Clervrain v. Walker, et al.*, No. 22-cv-511-PHX-DWL (D. Ariz. – ECF No. 16); *Clervrain v. Patterson, et al.*, No. 22-cv-31-GW-MAR (C.D. Cal. – ECF No. 8); *Clervrain v. Mara, et al.*, 22-cv-273-UNA (D. D.C. – ECF No. 17); *Clervrain v. Rushing, et al.*, 22-cv-44-SPC-MRM (M.D. Fla. – ECF No. 16); *Clervrain v. Nunez, et al.*, No. 22-cv-146-GAP-PRL (M.D. Fla. – ECF No. 15); *Clervrain v.

Plaintiff's Complaint, like the others which were dismissed, lacks factual allegations, never mentions the Defendants by name, or attempts to explain how Defendants could possibly be responsible for the civil rights violations alleged. Like in his other cases, he claims violation of non-existent statutes and his claims are incomprehensible. On review of the Complaint the Court concludes there is an insufficient factual basis to raise the right to relief above the speculative level. Because Plaintiff is proceeding pro se, the Court has "tried to discern the kernel of the issues []he wishes to present. . . ."[16] However, Plaintiff fails to provide any factual support for his allegations that Defendants' actions violated his civil rights. Plaintiff's Complaint fails to allege facts to support a cognizable claim.

---

*Duncan, et al.,* No. 22-cv-138-MTT (M.D. Ga. – ECF No. 26); *Clervrain v. Shafer, et al.,* No. 22-cv-1-JRH-BKE (S.D. Ga. – ECF No. 5); *Clervrain v. Fite, et al.,* No. 22-cv-30 (S.D. Ga. – ECF No. 10); *Clervrain v. Jeffreys, et al.,* No. 22-cv-571-DWD (S.D. Ill. – ECF No. 17); *Clervrain v. Chambers, et al.,* No. 22-cv-17-PPS-JPK (N.D. Ind. – ECF No. 12); *Clervrain v. Grassley, et al.,* No. 22-cv-8-SMR-SHL (S.D. Iowa – ECF No. 5); *Clervrain v. Johnson, et al.,* No. 22-cv-244-SDD-RLB (M.D. La. – ECF No. 8); *Clervrain v. Blunt, et al.,* 22-cv-379-JAR (E.D. Mo. – ECF No. 19); *Clervrain v. Magnus, et al.,* No. 22-cv-168-RCJ-CLB (D. Nev. – ECF No. 9); *Clervrain v. Grisham, et al.,* No. 22-cv-260-WJ-SCY (D. N.M. – ECF NO. 4); *Clervrain v. Francis, et al.,* No. 22-cv-2028-EK-LB (E.D. N.Y. – ECF No. 4); *Clervrain v. Hoeven, et al.,* No. 22-cv-76-DLH-CRH (D. N.D. – ECF No. 5); *Clervrain v. Madden, et al.,* No. 22-cv-4-SL (N.D. Ohio – ECF No. 6); *Clervrain v. Lankford, et al.,* No. 22-cv-283-SLP (W.D. Okla. – ECF No. 13); *Clervrain v. Griffin, et al.,* 22-cv-111-MSM-LDA (D. R.I. – ECF No. 16); *Clervrain v. Wadsworth, et al.,* No. 22-cv-957-SAL (D. S.C. – ECF No. 27); *Clervrain v. Boyer, et al.,* No. 22-cv-5037-CBK (D. S.D. – ECF No. 9); *Clervrain v. Golden, et al.,* No. 22-cv-110-JRG-JEM (E.D. Tenn. – ECF No. 16); *Clervrain v. Salazar, et al.,* No. 22-cv-129 (S.D. Tex. – ECF No. 10); *Clervrain v. Clouser, et al.,* No. 22-cv-90-GWC (D. Vt. – ECF No. 17); *Clervrain v. Godlewski, et al.,* No. 22-cv-417-WCG (E.D. Wis. – ECF No. 8); and *Clervrain v. Anderson, et al.,* No. 22-cv-76-SWS (D. Wyo. – ECF No. 17).
[16] *Mays* at 796.

Accordingly, **IT IS THEREFORE RECOMMENDED** that Plaintiff's claims be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

## III. Recommendation of Filing Restrictions

Due to Plaintiff's demonstrated abuse of the federal court system, the undersigned recommends Plaintiff be restricted from bringing new lawsuits in this District. It is well established that "[t]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right to access to the courts to prosecute an action that is frivolous or malicious."[17] "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."[18] As set out above, Plaintiff has a history of duplicative and frivolous filings both in this Court and around the United States.

The factors relevant in deciding whether a litigant's access to the court should be restricted include:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[19]

---

[17] *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).
[18] *Ysais v. Richardson,* 603 F.3d 1175, 1180 (10th Cir. 2010) (quoting *Tripati,* 878 F.2d at 352).
[19] *United States v. Kettler*, 1991 WL 94457, at *6 (10th Cir. 1991) (citing *Safir v. United States Line, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986), *cert. denied*, 479 U.S. 1099 (1987)).

"Ultimately, the question the courts must answer is whether a litigant who as a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."[20]

All factors weigh in favor of instituting filing restrictions against Plaintiff. Just this year, Plaintiff has filed substantially the same complaint against different parties in at least thirty-four federal courts around the country. His total filings are well into the hundreds[21] and the dismissal of his cases as frivolous and/or for failure to state a claim upon which relief "are legion."[22] Plaintiff simply cannot have a good faith expectation of prevailing. Plaintiff historically proceeds *pro se.* The hundreds of cases he has filed, filled with incomprehensible argument and reference to non-existent statutes, pose an unnecessary burden on the courts. And simply dismissing his cases, is not deterrent to his behaviors. He simply files a new case, with the same allegations against different parties in the next federal district court. Lesser sanctions will not adequately protect the courts and other parties.

**IT IS THEREFORE RECOMMENDED** Plaintiff be required to obtain leave of Court to initiate a civil case in this District without representation by an attorney admitted to practice before this Court.

**IT IS ORDERED** Plaintiff's Motion for Settlement Agreement(s) Against Secretive Criminals by Inkoking [*sic*] the National Regulatory Treaties Act ("NITRA")

---

[20] *Id.*
[21] *Clervrain v. Edwards,* No. 21-345-SDD, 2022 WL 6306048, at *1 (M.D. La Feb. 11, 2022).
[22] *Id.*

7

(ECF No. 3); Motion for "Humanitarian Reasons" or Assure Family Unity in the Public Interest by National Treatment Principal Act ("NTPA") (ECF No. 4); and Motion(s) for ["Collateral Attacks] or "Compelling" or Opposition(s) Mental Cruelty Act by the Nationality Protective Act ("NPA") (ECF No. 5) be **FOUND AS MOOT** without prejudice to refiling if the recommendation to dismiss Plaintiff's claims is not adopted.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 24th day of June 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge