**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MANETIRONY CLERVRAIN,

     *Plaintiff,*

 vs.

                                  Case No. 22-1086-EFM

JOE BIDEN, et al.,

     *Defendants.*

**MEMORANDUM AND ORDER
ORDER TO SHOW CAUSE**

This matter comes before the Court on multiple proposed filings from Plaintiff Manetirony Clervrain.  The Court received one set of these documents via email from Lanese Normil to the Clerk's office on May 24, 2024.  It appears that Lanese Normil is acting on behalf of Plaintiff. This correspondence included 12 PDF documents, totaling approximately 200 pages.  All the proposed filings reference Clervrain as a Plaintiff and are the same form and substance as the documents Clervrain previously filed in this Court.  In addition, the majority of these documents reference Case No. 22-1086—the case in which this Court imposed filing restrictions against Clervrain.[1]

---

[1] One of the PDF documents was the filing restriction Order.

On June 5, 2024, the Court received another set of documents via email to the Clerk's office—this time, from Clervrain.  There were 5 PDF documents, totaling approximately 200 pages.  One document references four previous District of Kansas cases filed by Clervrain, including this case and Case Nos. 17-3194, 18-3041, and 19-3040.[2]  Another document references a Federal Circuit Court of Appeals case filed by Clervrain.  He also includes a copy of the filing restrictions issued against him in this case, and a PDF copy of a Law Clerk Handbook.

On June 18, 2024, the Court received two more emails, with another set of documents, via email to the Clerk's office from Lanese Normil.  Again, these documents reference Clervrain as a Plaintiff.  The documents are generally incomprehensible.

It is unclear to the Court whether Clervrain seeks to file these documents in this case, which was dismissed on September 12, 2022, or whether he seeks to initiate a new case.  These documents are simply submitted as PDF attachments to the emails sent to the Clerk's office.  In the body of the emails to the Clerk's office, there is no text indicating to the Court any directions or request as to any of these documents.[3]

The Court has reviewed Clervrain's documents and finds that the proposed filings are largely unintelligible, frivolous, and without merit.  To the extent Clervrain seeks to file these documents in this case, the case was closed over 20 months ago, and Clervrain provides no legal basis or coherent rationale for these filings.  To the extent Clervrain seeks to file an Amended Complaint in this case, it is denied.

---

[2] Clervrain previously filed two other cases, Case Nos. 18-3039 and 18-3166.

[3] On June 17, 2024, Clervrain sent an email to the Clerk's office referencing his June 5 submission, and he stated, "Did you guys receive my email?"

To the extent he seeks to initiate a new case, the Court imposed filing restrictions against Clervrain due to his frivolous and burdensome filings with the Court.[4]  This filing restriction requires Clervrain to obtain leave of Court to initiate any civil case in the District of Kansas without representation by an attorney admitted to practice before this Court.  As noted above, the documents here are largely unintelligible and without any merit, and they are not from an attorney admitted to practice before this Court.  Thus, the Court denies Clervrain's request to file these documents as a purported new case.

The Court also finds it necessary to impose additional filing restrictions on Clervrain.  Over the past two months, Clervrain has attempted to file numerous documents by sending them to the Clerk's office as attachments to emails.  On May 1, 2024, Clervrain emailed the Clerk's office with two proposed Complaints.  One proposed Complaint was 106 pages, and the other proposed Complaint was 362 pages.  He sought to proceed in forma pauperis, and he named hundreds of Defendants.  The Court reviewed the filings and found that his allegations were largely unintelligible.  Thus, the Court denied his request to file the proposed documents or initiate a new case.[5]

In addition, Clervrain has recently e-filed documents in other closed cases in the District of Kansas.  On May 29, 2024, Clervrain e-filed three documents in Case No. 19-3040,[6] totaling approximately 450 pages, despite Judge Lungstrum previously imposing filing restrictions against Clervrain multiple times in that case.  Due to this filing, Judge Lungstrum entered a Memorandum

---

[4] Docs. 7, 8.  The Court noted that Clervrain had filed hundreds of cases in numerous federal courts, and his documents were filled with incomprehensible arguments and references to non-existent statutes.

[5] *See* Case No. 24-mc-204.

[6] Clervrain had e-filing privileges with this Court.

and Order on May 31, 2024, revoking Clervrain's e-filing privileges because of his failure to comply with the Court's filing restriction orders in that case. In addition, Judge Lungstrum cautioned Clervrain that if he continued to file documents in his closed cases, the Court would consider expanding his filing restrictions to encompass all submissions to this Court.[7]

Finally, since June 13, 2024, Clervrain has filed motions in four of his closed cases, Case Nos. 17-3194, 18-3039, 19-3040, and 22-1086. Each of these motions were denied.[8] Not only was there no coherent basis for these motions, Clervrain was warned on May 31, 2024 that if he continued to file in his closed cases, the Court would consider expanding the filing restrictions against him.

Processing the hundreds of documents that Clervrain has attempted to file, and has filed, since the Court issued filing restrictions in Case Nos. 22-1086 and 19-3040, has unnecessarily consumed judicial resources. "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[9] The following five factors are relevant when determining whether to impose filing restrictions:

> (1) [T]he litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary

---

[7] In yet another case, No. 17-3194, Clervrain also attempted to file a 356-page Amended Complaint on April 30, 2024. Clervrain's request was summarily denied on May 1, 2024.

[8] *See* Doc. 141 in Case No. 17-3194, Doc. 35 in Case No. 19-3040, Doc. 89 in Case No. 18-3039, and Doc. 11 in Case No. 22-1086.

[9] *Sieverding v. Colo. Bar Ass'n*, 469 F. 3d 1340, 1343 (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1998)) (alteration omitted).

burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[10]

Ultimately, the Court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties."[11]

All factors weigh in favor of imposing new filing restrictions against Clervrain. The Court previously addressed Clervrain's vexatious litigation[12] but will address it here again due to Clervrain's recent influx of filings. Clervrain has filed six cases in this District, and all were dismissed. In addition, he has filed Complaints in at least 34 other federal district courts. Each case was dismissed. As previously noted, the hundreds of cases that Clervrain has filed, filled with incomprehensible argument and reference to non-existent statutes, pose an unnecessary burden on the courts. In the past month, Clervrain has filed numerous documents with substantially the same incomprehensible arguments and references to non-existent statutes, despite filing restrictions being imposed upon him. The Court finds that Clervrain is likely to continue to abuse the judicial process, and the factors strongly weigh in favor of additional filing restrictions. Absent a showing of good cause, the following filing restrictions will be imposed:

Before Clervrain may submit future filings in *any* existing case before this Court, or initiate *any* new civil action in this Court, he must comply with the following:

1. Except in compliance with the Filing Restrictions Order, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents submitted by Clervrain or

---

[10] *United States v. Kettler*, 1991 WL 94457, at *6 (10th Cir. June 3, 1991) (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)).

[11] *Id.* (quoting *Safir*, 792 F.2d at 24).

[12] Doc. 7.

submitted on his behalf,[13] in any of the previous cases filed by Clervrain, or in any case in which Clervrain purports to initiate a civil action in this Court without the express authorization of a judge of this Court.  Clervrain shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes the following:

> a. A copy of the Filing Restrictions Order and any subsequent Orders;
>
> b. A copy of the proposed complaint or pleading;
>
> c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;
>
> d. A notarized affidavit certifying:
>
>> i. The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and
>>
>> ii. That the claims are not frivolous, malicious, or made in bad faith.

2. Clervrain shall mail, or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it.  Failure to follow these procedures will result in rejection of any filing Clervrain attempts to file in this Court.

---

[13] This Order specifically encompasses any filings purportedly made by Lanese Normil, who appears to be acting on Clervrain's behalf.

Clervrain is directed to show good cause why these filing restrictions should not be imposed. Failure to respond by the deadline or to show good cause will result in the entry of a filing restrictions order as set forth above.

**IT IS THEREFORE ORDERED** that Normil's and Clervrain's requests to file the proposed documents is **DENIED**.

**IT IS FURTHER ORDERED** that Clervrain file a written response no later than July 10, 2024, of no more than 10 pages in length, showing good cause why these additional filing restrictions should not be imposed as set forth in this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 20th day of June, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE