# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MANETIRONY CLERVRAIN,

    *Plaintiff,*

vs.

    Case No. 22-1086-EFM

JOE BIDEN, et al.,

    *Defendants.*

## MEMORANDUM AND ORDER
## IMPOSING FILING RESTRICTIONS

On June 20, 2024, the Court entered a Memorandum and Order ("Show Cause M&O") in this case directing Plaintiff Manetirony Clervrain to show good cause on or before July 10, 2024, why filing restrictions should not be imposed upon him (Doc. 12).  Since the Show Cause M&O was issued, Clervrain has sent numerous emails to the Clerk's office, with numerous attached documents to the emails.[1]  The attached documents are substantially similar to the documents that Clervrain previously filed with the Court or attempted to file with the Court.[2]

---

[1] Clervrain's emails come from at least seven different email addresses, and these emails include more than 50 PDF documents.

[2] Some of the documents appear duplicative to each other.  Other documents reference cases in Alaska, Missouri, Louisiana, and Indiana, and some documents reference Clervrain's previous District of Kansas cases.

The Court has reviewed these documents and finds that the proposed filings are largely incomprehensible, frivolous, and without merit. To the extent that Clervrain seeks to initiate a new case or file these documents in his previous cases, the Court denies his request. As noted in the Court's previous Show Cause M&O, the current filing restrictions imposed against Clervrain require him to obtain leave of Court to initiate any civil case in the District of Kansas without representation by an attorney admitted to practice before this Court. The documents submitted are largely unintelligible, and they are not submitted by an attorney admitted to practice before this Court. Thus, Clervrain cannot submit them.

In addition, none of the emails/documents address the propriety of the filing restrictions proposed by the Court in its June 20, 2024 Show Cause M&O. As set forth in the M&O, Clervrain has a lengthy history of abusive litigation that involves repeatedly bringing claims and submitting documents that are frivolous and nonsensical. Clervrain continues to submit numerous incomprehensible documents via email to the Clerk's office that fail to provide any legal basis for any requested relief.

Clervrain was given notice that the Court was considering imposing additional filing restrictions against him. He was given time to show cause why such restrictions should not be imposed upon him. That time has expired. Clervrain fails to show good cause why he should not be subject to additional filing restrictions.

**IT IS THEREFORE ORDERED** that Clervrain's requests to file the proposed documents is **DENIED**.

**IT IS FURTHER ORDERED** that before Clervrain may submit any future filings in any existing cases or initiate any new civil action in the District of Kansas, he must comply with the following injunction:

1. Except in compliance with this Filing Restrictions Order, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents submitted by Clervrain, or submitted on his behalf, in any of the previous cases filed by Clervrain, or in any case in which Clervrain purports to initiate a civil action in this Court without the express authorization of a judge of this Court.

Clervrain shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes the following:

   a. A copy of the Filing Restrictions Order and any subsequent Orders;

   b. A copy of the proposed complaint or pleading;

   c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;

   d. A notarized affidavit certifying:

      i. The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

      ii. The claims are not frivolous, malicious, or made in bad faith.

2. Clervrain shall mail, or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. **Failure to follow these procedures, and the failure to include the matters set forth in 1(a)-(d), will result in <u>summarily rejecting</u> any submission that Clervrain attempts to file in this Court.** If Clervrain includes the matters set forth in 1(a)-(d), the Court will either allow the filing or issue an Order denying it.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2024.

                                              ERIC F. MELGREN
                                              CHIEF UNITED STATES DISTRICT JUDGE